IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

APRIL S. TAYLOR,

    Plaintiff,

vs.

No. 16-cv-2923-JTF-dkv

TECHNICOLOR USA, INC.,
EMPLOYMENT SOLUTIONS MANAGEMENT, INC.,
EMPLOYBRIDGE HOLDINGS CO., INC.,
and RESOURCES MFG

    Defendants.

---

REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL AND
ISSUANCE OF SERVICE OF PROCESS

---

On November 23, 2013, the plaintiff, April S. Taylor ("Taylor"), filed a *pro se* complaint against the defendants, Technicolor USA, Inc. ("Technicolor"), Employment Solutions Management, Inc. ("Employment Solutions"), Employbridge Holdings Company, Inc. ("Employbridge"), and Resources MFG ("Resources"), alleging disability discrimination in violation of the Americans with Disabilities act of 1990, 42 U.S.C. §§ 12112, ("ADA"), and retaliation under Title VII. (Compl. ¶ 8, ECF No. 1.) Accompanying the complaint was a motion to proceed *in forma pauperis*, (ECF No. 2), which the court granted on November 30, 2016, (ECF No. 7). This case has been referred to the Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

(Admin Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Taylor's retaliation claim be dismissed and service be issued for the defendants on the remaining ADA claim.

## I. PROPOSED FINDINGS OF FACT

In the complaint, Taylor states that she filed two charges against Technicolor and Resources with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2016, (Compl. ¶ 6, ECF No. 1), and that the EEOC issued a Notice of Right to Sue on August 19, 2016, (*id.* at ¶ 7). Taylor attached the two EEOC complaints as exhibits to her complaint. (ECF Nos. 1-1 & 1-2.)

Taylor's complaint includes a lengthy statement of facts outlining the alleged discriminatory events. Resources, a temporary employment agency, hired Taylor to work at Technicolor as a "material handler." (*Id.*) On February 16, 2016, while working at Technicolor, Taylor had a dispute with another employee, Latoya Ammons ("Ammons"). (Compl. ¶¶ 9(rrr), ECF No. 1.) Taylor claims that she was discriminated against when she was sent home while Ammons was not. (*Id.* at ¶¶ 9(ppp)-(vvv).) Taylor insists that she was sent home because of her anxiety. (*Id.* at ¶¶ 9(eee)-(fff).) Taylor further asserts that although she addressed this issue with her supervisor and wrote a statement about the incident, there is no record of the conversation in her personnel file. (*Id.* at ¶¶ 9(jjj)-(llll).)

Taylor also alleges that she was discriminated against on February 27, 2016. That day, she was assigned to her usual position at Technicolor which required her to place thirty DVD's in a box at a time. (*Id.* at ¶¶ 9(a)-(c), ECF No. 1.) Taylor stated that she was unable to work as quickly as other employees because of a mechanical issue. (*Id.* at ¶¶ 9(d)-(e).) Taylor's supervisor, Katya Prieto ("Prieto"), instructed Taylor to move positions because she was working too slowly. (*Id.* at ¶¶ 9(f)-(g).) Taylor asserts that she had never worked at this new position and that when she asked another employee how to perform the task, Prieto "began trying to talk to [Taylor] in a demeaning, humiliating, and embarrassing way." (*Id.* at ¶¶ 9(i)-(o).) Prieto then allowed other employees to go to lunch but she made Taylor stay and clean up DVD's that Taylor had spilled on the floor. (*Id.* at ¶ 9(q).) Then, Taylor spoke with her site manager, whom she identifies as Ms. Vanna ("Vanna"), about the issue. (*Id.* at ¶ 9(t).) Prieto again made insulting and false statements about Taylor in front of Vanna and another employee. (*See id.* at ¶¶ 9(z)-(mm).) Specifically, Taylor states that Prieto "demanded to see [Taylor's] medical records" and told Taylor that she "did not have any pity on [Taylor] based on her medical conditions." (*Id.* at ¶¶ 9(cc), (ee).) Taylor claims that her "anxiety started to go up" and she was allowed to go home for the day. (*Id.* at ¶¶ 9(nn), (pp).) Before she left, she

completed a "Technicolor statement," which appears to be a grievance statement, with an employee named Racheal. (*Id.* at ¶¶ 9(ww)-(fff).) Taylor recounted difficulties reaching Resources for a resolution of the issue with Technicolor, so she has not been able to return to work. (*Id.* at ¶¶ 9(oooo)-fffff).)

Taylor states that her employment was terminated "via constructive discharge." (*Id.* at ¶ 8(d).) Taylor requests one million dollars in compensatory damages, ten million dollars in punitive damages, and lost wages. (*Id.* at ¶ 11.)

II. PROPOSED CONCLUSIONS OF LAW

A.  <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)    is frivolous or malicious;

        (ii)    fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Taylor's complaint states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant

5

could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

C.  <u>Taylor's ADA Claim</u>

In her complaint, Taylor alleges that Technicolor discriminated against her on the basis of her disability. (Compl. ¶ 9, ECF No. 1.) The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff can establish a disability discrimination claim through direct evidence or through circumstantial evidence under the *McDonnell Douglas* framework. *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998). "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.,* 360 F.3d 544, 548 (6th Cir. 2004)

6

(citations omitted). "[W]hen an employer admits (or the evidence establishes) that its decision was based upon the employee's disability, direct evidence of discrimination exists." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1180 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

If a plaintiff seeks to establish a disability discrimination claim through circumstantial evidence, she must plead: (1) that she is disabled; (2) that she is otherwise qualified for the position, with or without reasonable accommodation; (3) that she suffered an adverse employment action; (4) that the employer knew or had reason to know of her disability; and (5) that either she was replaced by a nondisabled person or her position remained open while the employer sought other applicants. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 703 (6th Cir. 2008)(internal citation and quotation marks omitted)(citing *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007)); *Jones v. Potter*, 488 F.3d 397, 404 (6th Cir. 2007)(setting forth the same *prima facie* elements under the Rehabilitation Act); *Monette*, 90 F.3d at 1186. The last prong "may also be satisfied by showing that similarly situated non-protected employees were treated more favorably." *Jones*, 488 F.3d at 404 (citing *Tally v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995)).

Construing the complaint liberally and accepting all factual allegations as true, the court finds that Taylor's allegations are sufficient for the court to infer the essential elements of disability discrimination.  In the instant case, Taylor alleges that she is disabled due to anxiety.  (Compl. ¶¶ 1, 9(nn), ECF No. 1.)  In reference to the second prong, Taylor claims that she "did not have a poor job performance," indicating that she believes that she was qualified for the position.  (*Id.* at ¶ 9(eee).)  Taylor satisfied the third prong by asserting that she suffered adverse employment action when she was "sent home unlike Latoya Ammons," (*id.* at ¶ 9(ppp)), and when Prieto spoke to Taylor in a "demeaning, humiliating, and embarrassing way" about her disability, (*id.* at ¶ 9(o)-(jj)).  As to the fourth prong, Taylor states that Technicolor and Resource were "aware or should have been aware of [Taylor's] documented and reported disability and medication she was taken [sic] as prescribed by her healthcare providers."  (*Id.* at ¶ 8.)  Finally, in reference to the fifth prong, Taylor alleges that Ammons, who presumably does not suffer from anxiety, was allowed to remain at work after the altercation, while Taylor was sent home.  (*See id.* at ¶ 9(ppp).)  As such, at this screening juncture, Taylor has sufficiently stated a claim for disability discrimination.

D. <u>Taylor's Retaliation Claim</u>

Taylor also alleges that Technicolor subjected her to

unlawful retaliation and a hostile work environment "when Defendant Technicolor's Human Resources failed to put [Taylor] back on the work schedule until Defendant Resource MFG set up a meeting to discuss the issues[.] [H]owever, [the] meeting failed to occur and [Taylor] was not permitted to go back to work." (Compl. ¶ 8, ECF No. 1.) "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Strouss v. Mich. Dep=t of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001)(citations omitted). Retaliation claims based on conduct that occurred before the filing of the EEOC charge must be included in that charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998). *Here, Taylor failed to include claims of retaliation in her EEOC charges. On her EEOC form complaints, she did not check the box indicating that she had been retaliated against and she did not mention retaliation in either narrative. (See ECF Nos. 1-1, 1-2.)* Accordingly, this court does not have subject matter jurisdiction to hear Taylor's claim for retaliatory discharge.

E. Taylor's Claims Employment Solutions and Employbridge

Neither Employment Solutions nor Employbridge was named as employers in either of Taylor's EEOC charges. In her complaint, Taylor alleges that Resource is one of Employbridge's "commercial

brands of family staffing and placement specialty companies," and Employment Solutions is a subsidiary of Employbridge. (Compl. ¶ 3, ECF No. 1.) The court makes no determination at this time as to whether Taylor has sufficiently stated a claim against these two corporate entities but will allow service to go forward in order to sort out the proper defendant.

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Taylor's retaliation claim be dismissed.

It is further recommended that the Clerk be directed to issue process for all the defendants and to deliver that process along with a copy of the Complaint (ECF No. 1) and a copy of this report and recommendation to the marshal for service; that service be made on the defendants pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure;[1] and that all costs of service be advanced by the United States.

It is further recommended that Taylor be ordered to serve a copy of every document filed in this cause on the attorney for

---

[1] In her complaint, Jones provides the following address for the defendants: (1)Technicolor USA, Inc., 101 West 103rd Street, Indianapolis, Indiana 46290; (2) Employment Solutions Management, Inc., 1040 Crown Pointe Parkway, Suite 1040, Atlanta, Ga. 30338; (3) Employbridge Holdings Co., Inc., 1040 Crown Pointe Parkway, Suite 1040, Atlanta, Ga. 30338; and (4) Resources MFG, 5215 Lamar Ave., Memphis, TN 38118.

the defendants, to make a certificate of service on every document filed, to familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[2] and to promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 13th day of December, 2016.


s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[2]

A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.