IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| APRIL S. TAYLOR, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:16-cv-2923-JTF-dkv |
| TECHNICOLOR USA, INC., EMPLOYMENT SOLUTIONS MANAGEMENT, INC., EMPLOYBRIDGE HOLDINGS, CO., INC., d/b/a EMPLOYBRIDGE, and RESOURCES MFG, | ) |
| Defendants. | ) |

---

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL
AND ORDER DIRECTING SERVICE OF PROCESS ON DEFENDANTS

---

On November 23, 2013, Plaintiff April S. Taylor, proceeding *pro se*, filed a complaint against the Defendants alleging violations of the Americans with Disabilities Act, ("ADA") and retaliatory discrimination in employment under Title VII along with a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). On October 7, 2016, the matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 1915 (e)(2)(B) and L.R. 4.1(b)(2). On November 30, 2016, the Magistrate Judge entered an order granting Plaintiff leave to proceed *in forma pauperis*. (ECF No. 7). On December 13, 2016, the Magistrate Judge issued a Report and Recommendation, recommending partial *sua sponte* dismissal of Plaintiff's retaliation claim and for the Clerk to issue of service of process upon the Defendants regarding Plaintiff's ADA claim.

1

(ECF No. 8). To date, Plaintiff has not filed any objections to the Magistrate Judge's report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

## III. FACTUAL HISTORY

The Magistrate Judge's report and recommendation offers proposed findings of fact to which Plaintiff has not objected. (ECF No. 8, pp. 2-4). As such, the Court adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## IV. ANALYSIS

The Magistrate Judge examined Plaintiff's complaint pursuant to the 28 U.S.C. § 1915 (e)(2) screening process to determine if the complaint raises any claims upon which relief may be granted. Construing the complaint in a light most favorable to the Plaintiff and accepting all factual allegations as true, the Magistrate Judge concluded that Taylor has sufficiently alleged

the essential elements of a disability discrimination claim because of her medically documented disability of anxiety. (*Id*. at p. 8). However, based on Taylor's failure to include her retaliation claim in the EEOC charges, the Magistrate Judge determined that the Court is without subject matter jurisdiction to hear that claim. *Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir. 1998). The Court agrees. Plaintiff's EEOC Charges, only assert a claim of discrimination in violation of the ADA.[1] In both charges, Plaintiff contends that she was harassed and discriminated against because of her disability.

Finally, the Magistrate Judge declined to determine whether Plaintiff's complaint adequately stated claims against Employment Solutions or Employbridge despite Plaintiff's failure to specifically name either of them as employers in the EEOC charges. Instead, the Magistrate Judge recommended that service go forward at this time allowing decisions regarding the proper Defendants at a later time. The Court agrees. Within the complaint, Plaintiff adequately alleges a relationship among these entities and the EEOC charges list her disability discrimination claim as a violation committed by her employers. (ECF No. 1, ¶¶ 3, 4 and 6). As noted above, the Plaintiff has failed to submit any objections to the Magistrate Judge's report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

## **CONCLUSION**

Upon a *de novo* review of the *pro se* complaint, the EEOC Charges, and the Magistrate Judge's report and recommendation, the Court adopts the Magistrate Judge's report and recommendation and orders that Taylor's claim of retaliation be dismissed *sua sponte* for failure to exhaust her administrative remedies. See 42 U.S.C. § 2000e (1)-(5). However, Plaintiff's

---

[1] *See* Charge No. 490-2016-02379 against Technicolor and Charge No. 490-2016-02388 against Resource MFG. (ECF Nos. 1-1 and 1-2).

claim for disability discrimination under the ADA, or 42 U.S.C. § 12112(a), should proceed against all of the named Defendants. Accordingly, the Clerk of Court is directed to issue process for Plaintiff April Taylor for the Defendants as follows: (1)Technicolor USA, Inc., 101 West 103rd Street, Indianapolis, Indiana 46290; (2) Employment Solutions Management, Inc., 1040 Crown Pointe Parkway, Suite 1040, Atlanta, Ga. 30338; (3) Employbridge Holdings Co., Inc., 1040 Crown Pointe Parkway, Suite 1040, Atlanta, Ga. 30338; and (4) Resources MFG, 5215 Lamar Ave., Memphis, TN 38118 pursuant to Fed. R. Civ. P. 4(h)(1).

Plaintiff April Taylor is also ordered to serve a copy of all of the documents filed in this matter upon counsel for the Defendants, to make a certificate of service on every document filed, to familiarize herself with the Federal Rules of Civil Procedure as well as the Local Rules of this Court[2] and to promptly notify the Clerk of any change in her mailing address or extended periods of absences. Any failure to comply with these directives shall result in dismissal of this matter without further notice.

**IT IS SO ORDERED** on this 20th day of January, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[2] A copy of the Court's Local Rules are on the website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf .